Jack CARTER, Chair, Harris County
Democratic Executive
Committee, Relator,

v.

The FOURTEENTH COURT OF
APPEALS, Respondent.

No. C-9577.

Supreme Court of Texas.

April 10, 1990.

Rehearing Overruled June 20, 1990.

David Webb, Houston, for relator.

W. Troy McKinney, Michael B. Charlton, Houston, for respondent.

## OPINION

### PER CURIAM

In this original proceeding relator seeks writ of mandamus directing the court of appeals to withdraw the writ of mandamus it issued in an original proceeding. Because of conflict with a recent decision of this court, a majority of the court conditionally issues the writ.

Bonnie Fitch, a real party in interest, was the sole candidate in the Democratic primary for judge of the Harris County Criminal Court at Law Number Thirteen. Relator Jack Carter, in his official capacity as Harris County Democratic Executive Committee Chair, had certified her candidacy after she had submitted the documentation to satisfy the applicable sections of the Texas Election Code. The documentation included several pages of petitions to have her placed on the ballot. By superficial count, the petitions bore a combined total of 1087 signatures. Since Fitch "petitioned on" without paying a filing fee, the required minimum number of signatures was 750. *See* Tex.Elec.Code Ann. § 172.021(e) (Vernon Supp.1990).

The incumbent judge and sole candidate in the Republican primary for the court at law judicial position was the Honorable Mark D. Atkinson. On February 9, 1990, Atkinson filed an original mandamus action in the Fourteenth Court of Appeals to compel Jack Carter in his capacity as Democratic Executive Committee county chair to remove Fitch's name from the Democratic primary ballot. Atkinson alleged Fitch's petitions did not comply with sections 141.-062 and 141.063 of the Election Code. In particular, Atkinson alleged Fitch's petitions did not contain the required 750 valid signatures because some signers were unregistered, and because others did not comply with the Election Code's requirements for certain data with the signature: voter registration number, street address, zip code, etc.

Atkinson submitted and relied on the affidavit of an expert witness political science professor who had overseen a computer-assisted analysis of Fitch's petitions. The expert concluded that of the 1087 signatures on Fitch's petitions, 304 were "duplicated," 41 were not registered, 65 had no registration number, 28 had incorrect registration numbers, 1 had no street address, 9 had no city and no zip code, 254 had no city but with zip code, 17 had no zip code, 7 had no date of signing, and 1 had no printed

name. The expert concluded there were only 423 valid signatures, short of the 750 required.

Carter and Fitch responded with affidavits challenging the expert's conclusions and methodology. Both Carter and Fitch contended there were factual disputes that precluded mandamus relief in an original appellate court proceeding. They further contended that the construction and application of the Election Code provisions urged by Atkinson would, as applied to Fitch's situation, violate the First and Fourteenth Amendments to the United States Constitution, as held in *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983); *Pilcher v. Rains*, 853 F.2d 334 (5th Cir.1988); and related federal cases.

The court of appeals issued the writ of mandamus to require Carter to declare Fitch ineligible. 785 S.W.2d 449. The court of appeals acknowledged that the replies raised certain fact issues, but concluded that as to what it classified as "fatal" defects, it was essentially undisputed that only 697 of Fitch's signatures could be valid. Although the court of appeals concluded it had sufficient undisputed facts to rule in an original mandamus proceeding, it also wrote that Carter and Fitch could not prevail on their federal constitutional claims because they had not proved the facts they had to allege, writing, "Nothing has been proven at trial or elsewhere." 785 S.W.2d at 453.

We have recently held that the type of fact-intensive issues raised by both Atkinson's petition and Carter and Fitch's replies must be resolved in a trial court and not by an appellate court in an original mandamus proceeding. *See Brady v. Fourteenth Court of Appeals* (Tex.1990). At the time of the present court of appeals decision, we had granted relief in *Brady* but had not issued the opinion. Because of the substantial similarity, our *Brady* opinion directly applies in this cause. In fact, the court of appeals recognized the potential conflict with *Brady* but speculated (incorrectly) about the basis for our decision in an attempt to avoid the conflict. Because

the opinion and action of the court of appeals conflict with this court's decision in *Brady*, without hearing argument a majority of the court conditionally issues the writ of mandamus. Tex.R.App.P. 122.